(87 South. 504)

No. 24384.

### STATE v. ROGERS.

(Jan. 31, 1921. Rehearing Denied Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Statutes ⬳200—Courts may correct verbal inaccuracies.**

Verbal inaccuracies or clerical errors in the use of words or numbers in a statute may be corrected by the courts whenever necessary to carry out the manifest intention of the Legislature, as gathered from the context.

**2. Statutes ⬳64(6)—Inaccuracies in other sections of statute do not affect penal section.**

Even though the rule permitting courts to correct verbal inaccuracies in a statute does not apply to a criminal statute, the existence of such inaccuracies in other portions of the statute does not prevent a prosecution under the criminal section thereof.

**3. Statutes ⬳64(6) — Inaccuracies in penal statute held not to invalidate provision declaring offense.**

In Act No. 193 of 1920, § 5, making it an offense to sell a used automobile without evidencing the sale by an authentic act, the inaccuracies relating to exemption of licensed dealers, to tender of recorded title, to the offer of sale, and to false title records, do not invalidate the provision of the section forbidding the sale without authentic act or prevent a prosecution for such sale.

**4. Statutes ⬳64(10)—Provision for junking automobiles not mentioned in title regarding sales held separable, so that invalidity thereof does not invalidate entire act.**

The provision of Act No. 193 of 1920, § 4, relating to affidavit of destroyed or junked automobiles, is separable from the rest of the act, regulating the sale of used automobiles, so that if such provision is invalid under Const. art. 31, because not within the title of the statute, the invalidity of such provision does not invalidate the entire act.

**5. Constitutional law ⬳42—Defendant cannot question the validity of separable provision not affecting prosecution.**

A defendant has no right to question the constitutionality or validity of the provisions of the law which are not relevant to his case, and which, if held unconstitutional or invalid, are separable, so as not to invalidate the provisions that are applicable.

**6. Statutes ⬳64(10)—Provision for record of affidavit of title not within title of statute requiring act of sale held separable, so as not to invalidate entire act.**

If the provision of Act No. 193 of 1920, § 4, that owners of automobiles, when the act became effective, shall record an affidavit of ownership, is unconstitutional under Const. art. 31, because not within the title of the act, such provision is separable from the rest of the act, and does not invalidate the entire act.

**7. Constitutional law ⬤⇒240(1)—Regulation of sales of used automobiles is reasonable classification.**

In view of the value and movability of automobiles, so that they are exceptionally tempting to thieves, and in view of their dangerous character when in possession of thieves, the enactment of Act No. 193 of 1920, to regulate the sale of used automobiles, was based on a reasonable distinction between automobiles and other personal property.

**8. Constitutional law ⬤⇒230(3)—Exempting licensed dealers of new automobiles from sale regulations of used cars held reasonable.**

The exemption of sales of new cars by licensed dealers from the regulations governing the sales of used automobiles by any one, including licensed dealers, contained in Act No. 193 of 1920, is a reasonable discrimination or classification, not an arbitrary one.

**9. Constitutional law ⬤⇒89(1)—Right of contract subject to police regulations.**

The right of citizens to make contracts is subject to such restrictions as the Legislature may impose in good faith and with reasonable regard for the public safety or welfare in the exercise of the police power of the state.

**10. Constitutional law ⬤⇒211—Equal protection prohibits arbitrary discrimination.**

The equal protection clause of the Constitution does not prohibit any and every discrimination in the law, but only such a discrimination as would be arbitrary or without good reason.

Appeal from First City Criminal Court, Parish of Orleans; John B. Fisher, Judge.

William S. Rogers was charged by affidavit with violating Act No. 193 of 1920, § 1, by selling a secondhand automobile without evidencing the sale by an authentic act. His demurrer to the affidavit was sustained, and the State appeals. Judgment annulled, and case remanded for further proceedings.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., and Frederick B. Freeland, Asst. Dist. Atty., both of New Orleans, for the State.

Merrick & Schwarz, of New Orleans, for appellee.

O'NIELL, J. Defendant was prosecuted on an affidavit charging that he had violated section 1 of Act 193 of 1920 (page 321), by selling a secondhand automobile without evidencing the sale by an authentic act. He filed a demurrer to the affidavit, pleading that the statute was unconstitutional and that the section purporting to impose a penalty was confusing and without effect. The demurrer was sustained, and the state has appealed.

Defendant contends that the statute violates the fourteenth article of amendment of the Constitution of the United States and the first and second articles of the Constitution of this state, in that the statute undertakes to deprive him of his liberty and property without due process of law, and that it undertakes to deprive him of the equal protection of the law; that the statute makes an unreasonable classification and an arbitrary discrimination against the persons upon whom the penalty is to be imposed, and destroys the right and freedom of contract. He contends that the statute is also violative of article 31 of the Constitution of the state, in that the law embraces more than one object, that all of its objects are not expressed in its title, and that the title is misleading.

The statute in question is entitled:

"An act to regulate the sale of automobiles in this state, to require said sales to be made by authentic act or proper affidavit, and to fix a penalty for the violation of this act."

The first section of the act declares that all sales or transfers of automobiles shall be made and evidenced by an authentic act duly recorded in the parish in which the sale is made.

The second section declares that every act of sale or transfer of an automobile shall state the make of the car, the year in which it was manufactured, the price, the style and model of the car, the number, size, power, and

make of the engine, the name and address of the person from whom the seller acquired the automobile, and the time and place of record of his title.

The third section declares that every purchaser of an automobile shall retain in his possession a certified copy of the act of sale or transfer by which he acquired title, bearing upon its face a notation made by the proper custodian of such record, showing the time and place of record of the original deed; which copy shall be delivered to each subsequent purchaser of the automobile, so that complete evidence of title will be in the possession of each subsequent owner of the automobile.

The fourth section declares that every person owning an automobile in this state, at the time of the passage of the act, and every licensed dealer or agent in possession of a new or unused automobile for sale for the first time, shall make affidavit of his ownership of the automobile, which affidavit shall contain, as near as possible, the data required in the third section of the act, and which affidavit, after being recorded in the parish in which the automobile is situated, shall serve in lieu of an authentic act when the automobile is sold, and shall be the first link in the chain of title. In conclusion, the section contains a proviso that, if an automobile be destroyed or junked, the owner shall make affidavit of the fact, in detail as far as possible, and shall record the affidavit, to show that the automobile is no longer subject to sale or transfer.

The fifth section declares that any person, other than a licensed dealer or agent selling a new or unused car, who shall sell or offer to sell an automobile without tendering a recorded title evidenced by a certified copy of the sale and record thereof, or who shall violate the act as to the sale of a secondhand car, or who shall tender, at the time of such sale or offer to sell, a title or certified copy of title which shall be found false and not substantiated by the records, shall be guilty of a misdemeanor and, on conviction, shall be fined not more than $100 or imprisoned for a term not exceeding 30 days, or be fined and imprisoned, at the discretion of the court.

The sixth section declares that the act shall go into effect from and after its promulgation, and the seventh and last section is the clause repealing all laws or parts of laws in conflict with the act, and reserving the state's right to continue pending prosecutions.

[1, 2] We will consider first the question whether the language of the statute is so confusing that the penalty cannot be imposed. There are several clerical or typographical errors in the act, as printed, and, in some respects, the meaning or object of the law is not plainly expressed. But the errors are not pertinent to the main object or purpose of forbidding the selling of secondhand or used automobiles except by an authentic act of sale or transfer, accompanied by evidence of the seller's title. For example, in the third section of the law, the expression "a complete claim of title" was manifestly intended to read "a complete chain of title." In the same section, the word "three" was manifestly intended to be "two," in the expression "which affidavit shall contain the data, as nearly as possible, required in section three of this act." As a matter of fact, there is no data required in section 3 of the act. As the affidavit required by section 4 is merely a substitute for the authentic copy required by section 2, there is no doubt that the data referred to in section 4 is the data required by section 2. Verbal inaccuracies or clerical errors in the use of words or numbers in a statute may be recognized and corrected by the courts whenever necessary to carry out the manifest intention of the Legislature, as gathered from the context of the act. City of Crowley v. Police Jury, 138 La. 488, 70

South. 487. Whether that rule is applicable to a criminal statute need not be decided in this case, because defendant is not concerned with section 4.

[3] There are also several verbal or clerical errors in the fifth section of the act. The exemption of "a licensed dealer or agent in the case of a new or unused car" means a licensed dealer or agent who sells or offers for sale a new or unused car. The expression "without tendering a recorded title hereto" means without tendering a recorded title thereto. The expression "offer to sale" means either "offer for sale" or "offer to sell." And the expression "not to substantiated" means not to be substantiated.

Whether these errors and inaccuracies would avail a person accused of selling or offering to sell an automobile without tendering a certified copy of a recorded title thereto, or a person accused of tendering a false certificate or evidence of title, is a matter of no importance to the defendant in this case. For he is not accused of violating either of those provisions of the law. The accusation is that he sold a secondhand automobile without evidencing the sale by an authentic act. The first section of the statute requires that every sale or transfer of an automobile shall be evidenced by an authentic act. And the fifth section of the act declares that—

"Any person * * * who shall violate this act as to the sale of secondhand cars * * * shall be guilty of a misdemeanor," etc.

The provisions of the law are therefore plain and complete in so far as they denounce as a misdemeanor the act of which the defendant is accused.

We will consider next the question whether the statute violates the requirement of article 31 of the Constitution, that each and every statute shall embrace only one object, which shall be expressed in its title. Defendant's complaint in that respect is twofold. The first complaint is that the title of the act does not make mention of the proviso contained in the fourth section that, if an automobile be destroyed or junked, the owner shall make and record an affidavit of the fact. The second complaint is that the title of the act indicates that sales of automobiles shall be made either by authentic act or by affidavit; whereas, in the act itself, the only requirement of an affidavit is as a substitute for a certified copy of the owner's title deed.

[4, 5] It is true the title of the act does not contain any mention of the requirement that, if an automobile be destroyed or junked, the owner shall make and record an affidavit of the fact. It is also true that no penalty is provided for a violation of that requirement. But that requirement of the law is so distinct from its main purpose or object that it might well be declared unconstitutional or unenforceable without rendering the whole act void. The defendant in this case is not accused of having failed or neglected to make or record an affidavit of the destroying or junking of an automobile. He has no interest in questioning, and therefore no right to question, the constitutionality or validity of provisions of the law which are not relevant to his case, and which, if held unconstitutional or invalid, would not invalidate the provisions that are applicable to his case. State v. Doremus, 137 La. 269, 68 South. 608; State v. Emile, 140 La. 830, 74 South. 163; State v. Guidry, 142 La. 424, 76 South. 843; State v. Lahiff, 144 La. 362, 80 South, 590.

[6] The provision in the fourth section of the act, that persons already owning automobiles when the statute went into effect, and licensed dealers or agents having new or unused automobiles for sale for the first time, shall make and record an affidavit of ownership, as a substitute for a certified copy of the act of sale, is not expressed as clearly as it might be in the title of the act. It is also doubtful whether the title of the act express-

es plainly enough the object or intention of requiring that every sale of an automobile (except a sale of a new or unused car by a licensed dealer or agent) shall be accompanied by delivery of a certified copy of the seller's title deed. But those provisions, like the proviso for an affidavit of destruction or junking of an automobile, are matters with which the defendant in this case is not concerned.

Our conclusion on this issue in the case is that, as far as the defendant is concerned, the one main object or purpose of the law is expressed in its title; that is, to require that every sale of an automobile, excepting sales of new or unused cars by licensed dealers or agents, shall be evidenced by an authentic act.

[7] The only remaining question is whether the statute makes an arbitrary discrimination against, or an unreasonable classification of, the class of persons upon whom the penalty may be imposed. It is conceded by counsel for defendant that the underlying motive of the Legislature in enacting this law was to prevent or suppress the stealing of automobiles, by making it inconvenient to sell a stolen car. There are several self-suggesting reasons why the law was made applicable only to automobiles, not to other movable or personal property. Considering its value, and the motive power that comes from within, an automobile is exceptionally tempting to a thief to get in and silently steal away. And an automobile in the possession of a thief is an exceptionally dangerous contrivance, not only because the circumstances form a strong inducement for exceeding speed limits, but also because an automobile in the hands of a thief is an aid to the commission of other crimes.

[8-10] The only classification in the statute, or discrimination in favor of some and against other persons who sell automobiles, or offer them for sale, is that licensed deal-

ers and agents who sell or offer for sale only new or unused cars are exempt from the penalty of the law; whereas all persons, including licensed dealers and agents, who sell or offer for sale secondhand cars, and all persons, except licensed dealers or agents, who sell or offer for sale new or unused cars, are put in the same class, and are subject to the penalty if they violate the law. Such a discrimination or classification is not arbitrary or without reason. The reason for exempting a licensed dealer or agent selling a new or unused car is that his license implies responsibility, and his offering for sale a new or unused car could not possibly give rise to suspicion with regard to his title. The reason for including a licensed dealer or agent in the same class with any other person who sells or offers for sale a secondhand automobile is that a licensed dealer or agent is as apt as is any other possessor of a secondhand automobile to have bought the car from one who did not acquire it honestly. In fact, as the licensed dealers in automobiles, buying and selling secondhand or used cars, are the ones who furnish a ready market for stolen cars, there is no reason why they should be exempt from the requirements of the law for the selling of secondhand or used cars. Such a classification and discrimination as is made in this statute is not arbitrary or unreasonable. The right and freedom of all citizens to make contracts is subject to such restrictions as the Legislature may impose in good faith and with reasonable and appropriate regard for public safety or welfare, in the exercise of the police power of the state. Holden v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. Ed. 780; State v. Legendre, 138 La. 154, 70 South. 70, L. R. A. 1916B, 1270. The equal protection clause does not prohibit any and every discrimination in the law, but only such a discrimination as would be arbitrary or without good reason.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the First city criminal court for further proceedings not inconsistent with the foregoing opinion.

SOMMERVILLE, J., takes no part.