PER CURIAM.
The petitioners-appellants attempted to qualify under the provisions of Acts 1 and 199 of the 1975 Regular Session of the Louisiana Legislature as Democratic candidates for election to the following offices: Roy Jones, Police Jury Member, District B, Winn Parish; Larry M. Doss, Police Jury Member, District B, Winn Parish; Lonnie J. Austin, Police Jury Member, District 3, Ward 1, Winn Parish; Mrs. Archie Jordan, Justice of the Peace, Ward 9, Winn Parish; Samuel E. Carson, Constable, Ward 8, Winn Parish.
The defendant-appellee, Wade O. Martin, Secretary of State of the State of Louisiana, acting in his official capacity, refused to accept the nominating papers of the petitioners, contending they were untimely filed.
Petitioners sought a writ of mandamus to compel the Secretary to place their names upon the ballot for their respective offices in the November, 1975, open election primary, or show cause to the contrary. Subsequently, upon notification that the Secretary of State was proceeding with the printing of the ballots absent the names of the petitioners, the petitioners sought and obtained a temporary restraining order, preventing the printing of the ballots until a decision was made in their mandamus proceeding.
Thereafter, trial was had on the writ, and therein it was stipulated that the nominating papers for all of the petitioners were placed in the United States mail prior to the 5:00 P.M. deadline on August 7, 1975, the last day for qualifying. It was also stipulated that the papers were not received by the Secretary until August 8, the day after closing of qualifications.
The trial judge refused to issue the writ of mandamus and this appeal followed.
The question presented is whether there is a time limit for filing nominating papers *458 pursuant to LSA-R.S. 18:394.1, as enacted by Act 199 of the 1975 Regular Session of the Louisiana Legislature. Act 199 amended certain provisions of the Louisiana Revised Statutes Title 18, as amended by Act 1 of 1975, to provide, with reference to the open election system, an alternate method of qualifying.
Louisiana’s Open Election Law, Acts l and 199 of the 1975 Regular Legislative Session, prescribes essentially three methods by which a candidate may qualify for public office. First, a person who is registered as being affiliated with a political party may file his papers with the officers of his respective party committee, who in turn certify the names to the Secretary of State. Second, a person who is not registered as being affiliated with a political party must file his papers directly with the Secretary of State, and he is, in turn, certified by the Secretary. Third, any person, whether party affiliated or not, may qualify directly with the Secretary by filing nominating papers without paying any qualification fee. It is this third method of qualifying that is before the Court in the instant suit.
The time and date for filing under the first and second methods of qualifying referred to above, are governed by R.S. 18:391. The time and date for the third method are set forth in Section 394.1, sub-paragraph B which reads as follows:
“B. All nominating papers shall be filed with the secretary of state not later than the same time and date on which qualifications close as provided in R.S. 18:386 through 18:390. Any nominating papers submitted thereafter are null and void and shall not be accepted by the secretary of state,”
However, Sections 386-390, referred to in Subparagraph B, contain no reference whatever to time and date of closing.
The trial judge found that the reference in Subparagraph B to Sections 386-390 was an inadvertent error, and that the legislative intent was obviously found in Section 391. The pertinent parts of Section 391 read as follows:
“A. Any person desiring to become a candidate in any primary held under the provisions of this Part, who is registered as being affiliated with a political party shall, not later than 5:00 P.M. on the fifth day after the opening of qualifications for candidates for the primary election, file with the respective officers of the political party with which he is affiliated, written notification of his intention to become a candidate at the primary, accompanied by a declaration under oath that to the best of his knowledge and belief he is a duly qualified elector under the constitution and laws of this state.
“B. (1) Any person desiring to become a candidate in any primary held under the provisions of this Part who is not registered as being affiliated with a political party shall file his notice and declaration, within the same time allowed for candidates affiliated with a political party, with the secretary of state if he desires to become a candidate for any state office that is voted on throughout the entire state. If such person desires to become a candidate for an office other than a state office voted on throughout the entire state, he shall file his notice and declaration, within the same time allowed for candidates affiliated with a political party, with the president of the board of supervisors of elections for the parish or parishes in which the office is to be voted on. In the event that an office is to be voted on in more than one parish, the notice and declaration shall be filed with the president of the board of supervisors of elections for the parish wherein such person is registered to vote, and a copy of same shall be mailed to the board of supervisors of elections in each of the parishes in which the office is to be voted on.
*459 “(2) The filing of the notice and declaration under this Subsection B may be by delivery in person to the secretary of state or the president of the board of supervisors of election or by certified or registered mail. If the filing is made by mail, the date and time of mailing shall be considered as the date and time of filing.”
The trial judge then concluded that Sub-paragraph A of Section 391 controlled, as it pertains specifically to party-affiliated candidates, and held that the deadline for the petitioners was 5:00 P.M. on August 7, 1975, by filing in person with, the Secretary. Since the papers. filed by the petitioners were not received by the Secretary until August 8, he refused to mandamus the Secretary to include the petitioners’ names upon the ballots.
We agree that it was inadvertence for the Legislature to refer to Sections 386-390. Nowhere in R.S. 18:386-390 is there a reference to time and date for qualifying, but in R.S. 18:391 such a prescription is provided.
Therefore, upon finding that the Legislature erroneously cited that portion of the Revised Statutes to which it obviously intended to refer for time and date, it is our obligation to correct this error in order to make the nominating papers procedure effective.
LSA-R.S. 1:5 provides:
“Clerical and typographical errors in the Revised Statutes shall be disregarded when the meaning of the legislature is clear.”
In State v. Rogers, 148 La. 653, 87 So. 504 (1921), the State appealed the judgment of the trial court sustaining a demurrer to the affidavit by which the defendant was being prosecuted. In the demurrer the defendant pleaded that the statute was unconstitutional and that the section purporting to impose a penalty was confusing and without effect.
The Court said:
“We will consider first the question whether the language of the statute is so confusing that the penalty cannot be imposed. There are several clerical or typographical errors in the act, as printed, and, in some respects, the meaning or object of the law is not plainly expressed. But the errors are not pertinent to the main object or purpose of forbidding the selling of second-hand or used automobiles except by an authentic act of sale or transfer, accompanied by evidence of the seller’s title. For example, in the third section of the law, the expression ‘a complete claim of title’ was manifestly intended to read ‘a complete chain of title.’ In the same section, the word ‘three’ was manifestly intended to be ‘two,’ in the expression ‘which affidavit shall contain the data, as nearly as possible, required in section three of this act.’ As a matter of fact, there is no data required in section 3 of the act. As the affidavit required by section 4 is merely a substitute for the authentic copy required by section 2, there is no doubt that the data referred to in section 4 is the data required by section 2. Verbal inaccuracies or clerical errors in the use of words or numbers in a statute may be recognized and corrected by the courts whenever necessary to carry out the manifest intention of the Legislature, as gathered from the context of the act. * * * ” (State v. Rogers, 87 So. at 506)
We conclude that the time and date for filing by those candidates using the statutory provisions for filing by use of nominating papers is governed by the provisions of R.S. 18:391.
Section 391 establishes a 5:00 P.M. deadline for both the party affiliated and non-party affiliated candidates. In fact, both parties conceded the same during oral argument. In Jumonville v. Jewell, 317 So. 2d 616, decided by this Court on August 22, 1975, and unreported, we held that *460 Subsection A required that the party candidate file his papers by actual delivery to his chairman before S :00 P.M., therefore, strictly interpreting the key word “file.”
Subsection B(l) of Section 391 provides that a non-party affiliate must also file by 5:00 P.M., but Part (2) of Subsection B declares that for the independent filing by mail “the date and time of mailing shall be considered as the date and time of filing” (emphasis added).
Part (2) was added to Subsection B in obvious response to the long line of cases that have held that the word “file” means that point at which “the recipient has received custody of the document,” Reilly-Benton Co., Inc. v. Liberty Mutual Insurance Company, 278 So.2d 24 (La.1973). See, also, McGee v. Southern Farm Bureau Casualty Insurance Company, 125 So. 2d 787 (La.App.3rd Cir. 1960), certiorari denied March 13, 1961, but unreported.
Under the foregoing interpretation of the word "file” in Part (1), the independent candidate would, therefore, be required to deliver the papers into the physical custody of the Secretary of State by 5:00 P.M. However, the Legislature chose to modify that requirement by the addition of Part (2), thereby allowing the time of mailing to be considered as the time of filing.
In the case before us, the Secretary of State did not receive the nominating papers from the prospective candidates until after the acknowledged 5 :00 P.M. deadline of Section 391.
R.S. 18:394.1, subd. B provides:
“B. All nominating papers shall be filed with the secretary of state no later than the same time and date on which qualifications close as provided in R.S. 18:386 through 18:390. Any nominating papers submitted thereafter are null and void and shall not be accepted by the secretary of state.” (Emphasis added)
As we previously noted, the time and date referred to in Subsection B is 5 :00 P.M. on the fifth day after opening of qualifications. Therefore, all nominating papers must be “filed” by 5 :00 P.M. on the fifth day. Under the Reilly-Benton Company line of cases, this means received before 5 :00 P.M. by the Secretary of State. We point out that Subsection B does not contain a clause similar to Part (2) of Section 391, subd. B and, therefore, depositing in the mails by 5:0Q P.M. cannot be considered as the date and time of filing for nominating papers.
As Subsection B declares that any nominating papers submitted after the specified time and date are null and void, the Secretary of State was correct in refusing to certify the petitioners for the respective offices they sought.
For the above reasons, the judgment of the trial court is affirmed, at appellants’ cost.
Affirmed.