492 So.2d 254 (1986)
Kay McLAUGHLIN, Plaintiff-Appellee,
v.
Marion FRENCH, Defendant-Appellant.
No. 86-762.
Court of Appeal of Louisiana, Third Circuit.
August 5, 1986.
*255 Gary W. Partney, Alexandria, for defendant-appellant.
Stafford, Stewart and Potter, Paul Boudreaux, Alexandria, for plaintiff-appellee.
Before GUIDRY, DOUCET and KING, JJ.
GUIDRY, Judge.
This is a suit brought by Kay McLaughlin against Marion French seeking to have him disqualified as a candidate for the Rapides Parish School Board, District H. Plaintiff alleges that defendant is disqualified because he is not in fact domiciled in the district from which he seeks election.
The Petition was filed July 23, 1986. After a hearing, on a rule to show cause why defendant should not be disqualified as a candidate, judgment was rendered in favor of plaintiff and against defendant, disqualifying him as a candidate in the primary election to be held September 27, 1986. This appeal followed. For reasons set out below, we affirm.

EXCEPTION
The defendant first urges that the trial court erred in failing to find that the plaintiff lacked "standing" to challenge the qualifications of the defendant. The defendant filed an "exception of no right of action" which the trial court denied.
La.R.S. 18:491 provides:
A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
La.R.S. 18:1401 provides:
A. A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.

* * * * * *
The record reveals that plaintiff is a registered voter and qualified elector of District H who can object to defendant's qualifications. She is presently the incumbent and is a duly qualified elector of Ward 5 Precinct 1. The defendant's exception of no right of action lacks merit.

MERITS
The defendant next urges that the trial court erred in failing to find that the defendant was domiciled in the district for which he had qualified for candidacy.
La.R.S. 17:52E provides, in part, as follows:
* * * * * *
E. Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board.

* * * * * *
The minutes of the official proceedings of the Rapides Parish School Board provide that District H encompasses an area excluding the Town of Lecompte. The issue, thus, is whether defendant is actually domiciled in the Town of Lecompte or in District H.
*256 The defendant claims that his residence on 1811 Gordy Street is not in the Town of Lecompte. In discussing the ordinances and maps describing the Town of Lecompte the trial judge in the ruling of the court stated as follows:
"In connection with P-14 [map of Lecompte] which is the map identified by Mr. David [r]ead in conjunction with P-2 [Ordinance 967] clearly shows that in 1976 now we're talking about, before Mr. French had ever thought about purchasing property in the Town of Lecompte there was some error in the call in Ordinance 967 which is P-2. There's no doubt in my mind about it. You have to read Ordinance 967 in conjunction with P-14 and you see that the description set forth on the third page of the attachment to Ordinance 967 which is our original 661533 of the records of Rapides Parish and that first paragraph on Page 3 says:
"Thence proceed in a northerly and westerly direction along the western or southern bank of Bayou Boueff to a point on the western or southern bank of Bayou Boueff which lies along a southern projection of a line east of and paralleling the eastern right-of-way of Mimosa Street at a distance of 300 feet."
Now, if that 300 feet is correct then I fully agree with you it would drop way down into and past Mr. French's property. No doubt about it but when you go to the next paragraph that 300 feet should be 30 feet. There's no doubt in my mind about it. Whenever you look at P-14 and then you read the next paragraph:
"Thence proceed northeasterly ... and here's the important thing
along said line which lies east of Mimosa Street and parallels Mimosa Street at a distance of 30 feet to a point which lies along the southern right-of-way of Holly Street projected and intersecting the western right-of-way line of Chicago Rock Island Pacific Railway."
The only way it can run to that point is for it to be parallel to and 30 feet east of Mimosa Street. If it were 300 feet east of and parallel to Mimosa Street it would be way down and not even get anywhere near that point and then when you continue on with their description it follows the exact corporate limit lines as set forth on P-14 so there's no doubt that Mr. David had a typographical error. When you look at the typographical error and correct it to what it's supposed to be, the corporate limits of Lecompte is exactly as it should have been as reflected on P-14.
Now, subsequent to that they came along with other Ordinances and brought in ... now, this would have left 14 feet and widening to 16 feet of the defendant's house outside the corporate limits at the time of this annexation in 1976. Following that annexation there was another annexation which picked up everything west of that 30 foot east of Mimosa Street, thereby picking up the remainder of the defendant's house. There's no doubt in my mind about it. That is evidenced by the Ordinances and is evidenced by subsequent filings that shows that P-14 is in fact the corporate limits, outer limits, of the Town of Lecompte as of the time those last Ordinances were taken putting the defendant's house wholly within the corporate limits of the Town of Lecompte.
Now, it's hornbook law that when there's an error in description and you have a survey or a map that you can refer to, I know normally it's attached, but when we have something we have to read it in the manner which will give full construction and intent to the Town of Lecompte Ordinances. If this weren't so, then the whole Town of Lecompte would not exist. Mr. David made the error. The Council didn't make the Error and I'm not going to punish the Town of Lecompte for their error.
Subsequent to that P-19 was filed. Now, while it's termed "Suggested," I think what happened there was the Clerk gave that to Mr. David and said, "Mr. *257 David, get this filed for us to comply with the provisions of the law for these Ordinances." That's the subsequent annexations and Mr. David, I think, just inadvertently filed one which said "Suggested Town Limits" when it was in truth and fact the actual town limits that were annexed and the true town limits of the Town of Lecompte as of that date.
It appears that if the 300 foot description in Ordinance 967 was correct the defendant's house at 1811 Gordy Street would not actually be located in the Town of Lecompte. That description, however, is not consistent with the maps and other ordinances. Typographical errors can be disregarded, and a statute or ordinance can be interpreted in a manner that elucidates the statute's true meaning. State v. Rogers, 87 So. 504, 198 La. 653 (1921); Mancil v. J.B. Beaird Corp., 7 So.2d 385 (La.App. 2nd Cir.1942); La Bauve v. Louisiana Wildlife & Fisheries Commission, 444 F.Supp. 1370 (D.C.La. 1978); Louisiana Television Broadcasting v. Total C.A.T.V., 341 So.2d 1183 (La.App. 1st Cir.1976). The trial judge, thus, was correct in disregarding the typographical error in Ordinance 967 and interpreting Ordinance 967 in accordance with the maps and other ordinances. In any event, later ordinances of the Town of Lecompte, i.e., Ordinances 968 and 969, unquestionably include 1811 Gordy Street within the limits of the Town of Lecompte. Further, the record reflects that all three ordinances were adopted prior to the adoption of the Rapides Parish School Board resolution establishing the boundaries of District H.
The defendant argues that Ordinances 968 and 969 considered by the trial judge were not of public record and that, thus, he should not have relied on them. Ordinances 968 and 969 were filed in the clerk's office of the town hall of Lecompte. Certified copies of these ordinances were introduced in evidence. The contents of "the suggested description of areas to be annexed" which the defendant claims is not a public record are contained in their entirety in Ordinances 968 and 969 which are a public record.
Defendant finally argues that Ordinances 968 and 969 are invalid and therefore should not have been considered by the trial court. Defendant makes no direct attack upon the validity of these ordinances. As stated in Town of Coushatta v. Valley Electric Membership Corp., 139 So.2d 822 (La.App. 2nd Cir.1961):
"[2] No direct attack has been made upon the ordinances extending the corporate limits nor upon the boundaries extended. A collaterial [sic] attack, such as this proceeding envisions, is untenable. Moreover, following a 30-day period after the adoption of such ordinance, it cannot be contested nor attacked for any reason or cause whatsoever. LSA-R.S. 33:175."
Pursuant to the ordinances and maps the defendant's house at 1811 Gordy Street is within the city limits of Lecompte and not in District H. If the defendant is domiciled at this address, he cannot be qualified as a candidate for District H.
Defendant also alleges that he is domiciled in District H because he has a domicile in the "Indian Creek" area which is in District H.
La.C.C. article 38 defines domicile as follows:
The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.
Where a candidate claimed homestead exemptions for a house in a district, had utility meters and automobiles registered in his name at that address, and had a telephone listing at that address; he was considered to be domiciled in that district. Mix v. Blanchard, 318 So.2d 125 (La.App. *258 4th Cir.1975), writ denied, 320 So.2d 547 (La.1975).
In the Indian Creek area the defendant has no residence, no mail outlets, no arrangements for gas outlets, and no telephone. He and his family are presently residing at 1811 Gordy Street in the Town of Lecompte. His cars are registered to him at that Gordy Street address. His telephone, utility and mail service are provided to him at that Gordy Street address. His homestead exemption is for his house at that Gordy Street address. As the candidate in Mix v. Blanchard, supra, the defendant's domicile would be the address at which he receives utility, telephone and mail services, and for which he is granted a homestead exemption. In this case that address is 1811 Gordy Street in the Town of Lecompte.
The defendant, however, testified that he intended the Indian Creek area to be his domicile. Messer v. London, 438 So.2d 546 at 547 (La.1983) states:
"A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955). There is a presumption against change of domicile. In Re Adoption of Rials, 220 La. 484, 56 So.2d 844 (La.1952)."
The trial judge appropriately noted:
"... Here, there has been no change of residence. There's merely been a statement that he has always wished that his domicile would be in some area in Indian Creek."
The defendant's intention, therefore, does not suffice to establish domicile.
The trial judge further described the defendant's situation as follows:
"Chronologically Mr. and Mrs. French married in 1980 and moved into an apartment within the corporate limits of Lecompte which Mr. French admits. In fact Mr. French has never denied, I don't think, being a resident of the corporate limits of Lecompte but be that as it may I find as a matter of fact that he married Mrs. French in 1980 and they moved into an apartment located within the corporate limits of Lecompte.
They purchased their first home from Clifton and Katherine Austin on December 31, 1980. This home was located at 1605 Weems Street and was situated inside the corporate limits of the Town of Lecompte.
They sold the property in 1984. Now, prior to the Weems Street sale Mr. and Mrs. French purchased their second home. The municipal address of this home is 1811 Gordy Street and it is located within the corporate limits of the Town of Lecompte. Mr. Charles Slay stated, who is the assessor of this parish, that Mr. and Mrs. French applied for and were granted Homestead Exemption on the Gordy Street property and the Homestead Exemption is still in effect. As of this date Mr. and Mrs. French still live on and in the Gordy Street home situated in the Town of Lecompte.
They became registered voters in Ward 3, Precinct 2 which is the Town of Lecompte in 1980 and remained registered voters though they changed their party affiliation once or twice until July 14, 1986 at which time Mr. French I know, I'm not sure of Mrs. French, changed his registration to Ward 3, Precinct 3. This precinct is located within the geographical bounds of District "H" of the Rapides Parish School Board. It should be noted that Mr. French does not reside within the geographical bounds of Ward 3, Precinct 3 and is therefore not qualified to register therein under the provisions of Louisiana Revised Statute 18:101 which provides in part:
Every citizen of Louisiana who is at least eighteen years of age or will attain that age on or before the next election and is an actual bona fide resident of this state and the parish, municipality, if any, and the precinct in which he offers to register to vote.
In other words, Title 18, Section 101 provides that you must be a registered voter. You must be actually residing within *259 that precinct in order to register to vote in that precinct. There are exceptions to this Rule and that's college students, people who are actually domiciled in this state but working temporarily out of state, military personnel and others but the ordinary citizen such as us, we must reside within a precinct in order to vote in that precinct.
Mr. French has served as an Alderman in and for the Town of Lecompte for some period of time but resigned that office somewhere around the first of July, 1986 in order to qualify, he says, to run for this office. It should be noted that Title 33, Section 385 provides that to serve as an Alderman the individual shall be an elector and have been domiciled for at least the immediately preceding six months in that municipality before he can hold that office or seek it. There's no doubt in my mind that Marion French has resided inside the corporate limits of the Town of Lecompte since 1980 and still resides there on this day. His family home is there as of this day. He was registered to vote there up until July 14, 1986 and was an elected official of that town until he resigned on or about July 2, 1986."
It clearly appears that the defendant is domiciled at 1811 Gordy Street in Lecompte which is not located in District H and, thus, cannot qualify as a candidate for District H of the Rapides Parish School Board.
For the reasons assigned the judgment of the trial court is affirmed. Defendant-appellant is assessed with the cost of this appeal.
AFFIRMED.