KING, Judge.
The sole issue presented by the appeal is whether the defendant is qualified to be a candidate for the public office he seeks.
This is a suit brought by Evans Ozen (hereinafter plaintiff) against Roger Dale Abraham (hereinafter defendant) seeking to have him disqualified as a candidate for the St. Martin Parish School Board, District 7. Plaintiff alleges that defendant is disqualified because he has not in fact been domiciled in the district from which he seeks election for one year preceding his qualification as a candidate.
Plaintiff’s petition was filed August 6, 1990. The trial court held a hearing on August 10,1990, after which judgment was rendered in favor of plaintiff and against defendant, disqualifying defendant as a candidate in the primary election scheduled to be held October 6, 1990. A formal written judgment was signed on August 10, 1990. This appeal was timely filed. We affirm.
La.R.S. 17:52(E) states as follows:
E. Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board. However, at the next regular election for members of the school board following a reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in the prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.
St. Martin Parish is presently divided into nine districts for purposes of electing school board representatives. There are no at large parish seats. District 7 extends from Breaux Bridge to the Old Fifth Ward and is roughly the Breaux Bridge, Anse La Butte, and west of Bayou Teche area of St. Martin Parish.
We interpret La.R.S. 17:52(E) as requiring a candidate, who qualifies for a district seat on a parish school board, to have actually been domiciled in the district from which he seeks election for the preceding year prior to qualification. McLaughin v. French, 492 So.2d 254 (La.App. 3rd Cir.1986). Plaintiff argues the words parish, ward, or district should be interpreted as written in the disjunctive. Our interpretation of the statute in question adopts a construction which harmonizes and reconciles the words parish, ward, or district and affords a reasonable and practical effect to the entire statute and does not render any part of the statute ridiculous or nugatory. C.C. Art. 10; Bunch v. Town of St. Francesville, 446 So.2d 1357 (La.App. 1 Cir.1984).
In the present case the defendant qualified as a candidate for the St. Martin Parish School Board for District 7. Therefore, the sole issue before this Court is whether the trial court erred in finding that Mr. Abraham had not been domiciled in District 7 for thé year preceding his qualification on July 25, 1990.
The evidence presented at the hearing established the following facts: Defendant’s cancelled checks for payment of utilities and phone bills listed a Lafayette address. The same address was listed on defendant’s vehicle registration, income tax returns, and driver’s license. Prior to January 19, 1990, the defendant was registered to vote in Lafayette Parish. On January 19, 1990, the defendant registered to vote in St. Martin Parish and listed his *1050 aunt’s mailing address as his residence. The defendant testified that the Lafayette address was his business address as well as his parents’ residence. Defendant admitted to sleeping at this place about one night a week, but claimed it was not his residence.
Defendant indicated that his present domicile was a camper trailer now located off of d’Augereaux road in St. Martin Parish. The camper is situated next to a house owned by his aunt, and near a home owned by his sister. The trailer has been in that location for approximately two and a half weeks prior to the hearing. The trailer currently is located in District 7.
However, prior to moving the trailer next to this aunt’s home, the defendant had lived in the same trailer at the Pioneer Campground in St. Martin Parish for approximately sixteen months. This campground was located in District 6, not District 7. According to defendant’s testimony, he slept in the trailer approximately 4 or 5 nights a week. The other nights he would stay either at a motel, at a camp, at a friend’s house, at his parent’s house, or at his sister’s house. The defendant admitted that he occupied the trailer as his home, while at the campground.
The trial court found that the defendant did not manifest his intention to be domiciled in District 7 until registering to vote on January 19, 1990, and that he did not have an actual residence in District 7 before that date. Therefore, the trial court found that defendant had not been domiciled in District 7 for a period of one year preceding his qualification as a candidate for the School Board and disqualified the defendant from the election.
La.C.C. Art. 38 defines domicile as follows:
Art. 38. Domicile, general definition
The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.
In Messer v. London, 438 So.2d 546 (La.1983) the Supreme Court stated as follows:
[1-3] Residence and domicile are not synonymous terms. A person can have several residences but only one domicile. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965). Domicile is a person’s principal domestic establishment, as contrasted to a business establishment. A man and wife are presumed to have the same domicile. Robinson v. Standard Oil Company of Louisiana, 194 La. 904, 195 So. 351 (1940).
[4,5] A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955). There is a presumption against change of domicile. In Re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1952).
In McLaughin v. French, supra, the defendant testified that he intended the Indian Creek area to be his domicile without establishing a residence in the area. This Court, as well as the trial court, found that intentions alone do not suffice to establish a domicile.
In the present case the defendant freely admitted that in the near future he intends to build a home on his property off of d’Augereaux Road in District 7. The defendant only recently moved his camper trailer onto his aunt’s property. Until then, he only occasionally spent the night at either his sister’s or his aunt’s house. For the majority of time he spent his nights at his camper trailer while it was located in District 6. Almost all of his mail and bills went to a Lafayette address where his business office was located.
It clearly appears from the evidence presented at the hearing that the defendant was not domiciled in District 7 for one year *1051 preceding his qualification as a candidate for the St. Martin School Board from District 7. For these reasons, we do not find that the trial court was manifestly in error or clearly wrong in finding that defendant was not qualified by law to be a candidate for the St. Martin Parish School Board for District 7.
The judgment of the trial court is affirmed. Defendant-appellant is taxed with the cost of this appeal.
AFFIRMED.