McCALEB, Justice.
 

 This case involves fhe constitutionality of certain provisions of the Louisiana Motor Vehicle Commission Law, R.S. 32:1251-1260, as amended by Act 586 of 1956. That law has for its purpose the regulation of the distribution and sale of motor vehicles in the State of Louisiana, it being declared in R.S. 32:1251 that such sales affect the general economy of the State and the public interest and public welfare and, therefore, it is necessary to license motor vehicle manufacturers, distributors and dealers to prevent frauds, impositions and other abuses upon the citizens and avoid undue control of the independent motor vehicle dealer by the motor vehicle manufacturer and distributive organizations and to prevent false and misleading advertisements, unfair practices by motor dealers and unfair competition between them.
 

 R.S. 32:1252 contains the definitions of the terms, words and phrases used in the legislation and paragraph (2) thereof defines a motor vehicle dealer as follows:
 

 “ ‘Motor Vehicle Dealer’ means any person, firm, association, corporation or trust not excluded by paragraph (3) of this section who holds a bona fide contract or franchise in effect with a manufacturer or distributor of new or unused motor vehicles, and a license under the provisions of this Act, and such duly franchised and licensed motor vehicle dealers shall be the sole and only persons, firms, associations, corporations or trusts entitled to sell, publicly solicit and advertise the sale of new and unused motor vehicles as such.”
 

 By R.S. 32:1253 a Motor Vehicle Commission is created, its powers and duties fixed and the appointment and qualifications of its members, terms of office, organization, etc. provided for.
 

 R.S. 32:1254 pertains to unauthorized acts of the persons affected by the legislation and further provides for application to be made to .the Commission for the issuance of a license to do business in conformity with the law, it being prescribed that the application shall contain such information as the Commission deems necessary to enable it to fully determine the qualifications and eligibility of the applicant; that the Commission shall also require information relative to the applicant’s financial standing, his business integrity, whether he has an established place from which he conducts his business and such other pertinent information consistent with the safeguarding of the public interest and public welfare. Respecting the licensing of motor vehicle dealers, it is essential that the application be accompanied by the filing with the Commission of a bona fide contract of
 
 *339
 
 franchise in effect between the applicant and a manufacturer or distributor of the new and unused motor vehicle or vehicles proposed to be distributed and satisfactory-evidence must also be furnished that applicant maintains ample space in the building or structure where his established business is conducted for the display of new and unused motor vehicles together with adequate facilities for the repair and servicing of motor vehicles and the storage of new parts and accessories for same.
 

 R.S. 32:1255 provides the grounds for which applications for license may be denied or a license previously issued revoked or suspended and R.S. 32:1256 sets forth the procedure available to any person aggrieved by the action of the Commission, providing for a hearing and for review by the courts.
 

 R.S. 32:1257 prescribes the penalties for violation of the Act; R.S. 32:1258 declares that the provisions of the Act shall be cumulative to existing laws and R.S. 32:1260 contains a severability clause.
 

 R.S. 32:1259 provides for the construction to be given the Act. It declares:
 

 “Nothing in this act shall be construed to prohibit the sale of a new and unused motor vehicle by any private individual or automobile dealer, other than motor vehicle dealer as herein defined; provided however that only a motor vehicle dealer as herein defined shall have the' right to publicly offer or register, a motor vehicle as ‘new and unused’.”
 

 This suit was brought by the Louisiana Motor Vehicle Commission against Jules Bistes, doing business as “The Wheeling Frenchman” and others,
 
 [1]
 
 whom it is charged are selling new and unused cars in violation of the provisions of R.S. 32:-1259 in that these cars are being publicly offered for sale as “new and unused” despite the fact that the defendants have no licenses as motor vehicle dealers as defined by R.S. 32:1252(2) and it is prayed, among other things, that an injunction issue against them prohibiting further violation of the law. The Commission also assails the constitutionality of the provision of R.S. 32:1259, which permits the sale of a new and unused motor vehicle by any private individual or automobile dealer who has not qualified under the Act, provided that such person shall not publicly offer it as a new or unused vehicle.
 

 Bistes, who, as explained in footnote No. 1, is the principal defendant, filed
 
 *341
 
 several procedural exceptions to plaintiff’s petition and specially pleaded the unconstitutionality of the entire Motor Vehicle Commission Law on the grounds (1) that it attempts to create a monopoly in contravention of the Fourteenth Amendment to the Constitution of the United States and Section 14 of Article 19 of the State Constitution; (2) that it confers a special privilege not founded upon reasonable and natural classifications in contravention of the due process clause of the State Constitution (Section 2 of Article 1); (3) that, in denying to him and others similarly situated the right of selling new automobiles, as such, the law is discriminatory and therefore violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and (4) that the Legislature has illegally delegated its legislative power to private motor vehicle manufacturers in providing as a condition precedent to the issuance of a motor dealer’s license the applicant must have a bona fide contract with a manufacturer appointing him as a dealer for its cars.
 

 In addition, Bistes filed an answer in which he admitted that he does business in the City of New Orleans under the trade name of “The Wheeling Frenchman” but denied, either generally or for lack of information, all other allegations of plaintiff’s petition.
 

 After a trial on the issues thus formed, by the pleadings, the district judge found, that the evidence overwhelmingly established that Bistes was advertising new and unused automobiles for sale in violation of the terms of R.S. 32:1259 but he denied, plaintiff the relief prayed for, being of the opinion that the proviso contained in R.S. 32:1259, which restricted the right to, publicly offer for sale or register a motor vehicle as “new and unused” to licensed; motor vehicle dealers, constituted an arbitrary, unreasonable and, therefore,' unconstitutional discrimination which denied defendant and others similarly situated an equal protection of the law. In arriving at this conclusion, the judge resolved that the Legislature, in defining a motor vehicle dealer in R.S. 32:1252 (2) to be onq who holds a bona fide contract or franchise with an automobile manufacturer or distributor of new and unused automobiles, had unlawfully delegated to these private manufacturers and distributors the right of determining who shall or shall not be a motor vehicle dealer and, consequently, this prerequisite of enfranchisement by the manufacturer being unconstitutional, there was left no reasonable basis for the prohibition as to advertisement set forth in the proviso of R.S. 32:1259. But, noting that the legislation contained a severability clause, the judge deduced that other parts of the statute, which he found to be con
 
 *343
 
 stitutional, could be separated from the objectionable part without destroying the legislative intent and ruled that, since Bistes might be able to qualify for a motor vehicle dealer’s license under the statute with the removal therefrom of the provision respecting the necessity of a manufacturer’s or distributor’s enfranchisement, he should be enjoined from selling new and unused cars until he qualified with the Commission.
 

 Subsequently, a rehearing was granted on the application of all interested parties and, after further consideration, the original decree was reinstated. In his reasons for this action, the judge reiterated his conviction that the requirement of a contract or franchise with a manufacturer or distributor, in order to qualify as a motor vehicle dealer of new and unused cars, operated as an unlawful delegation of legislative power to the manufacturers and added that it, moreover, effected an arbitrary and discriminatory classification, as between persons similarly situated, which gave to one group an economic advantage over the other, stifling competition by creating a monopoly.
 

 Both plaintiff and defendant have appealed from the judgment insofar as it adversely affects them. The Attorney General has also appealed.
 

 Initially, it is proper to dispose of plaintiff’s claim that R.S. 32:1259 is unconstitutional in that it unreasonably discriminates in favor of persons and dealers not qualified or licensed to sell new and unused motor vehicles. Inasmuch as pláintiff is a public board, Bistes asserts that it is without any interest or right to challenge the validity of a law it is charged to administer and enforce.
 

 The point is well taken. As a general rule, a public officer or body is without interest or right to question the constitutionality of a statute which he or it is entrusted to administer. See Dore v. Tugwell, 228 La. 807, 84 So.2d 199 and the many authorities cited therein. This doctrine is founded, among other reasons, on the basic tenet that, since all legislative acts are entitled to great respect and are presumptively constitutional, it is inimical to public policy to permit a party who is not injuriously affected by the enforcement of a statute to assail its validity.
 

 Accordingly, we proceed to a determination of the issues of unconstitutionality raised by Bistes and the ruling of the judge upholding his main grounds of attack. In the beginning, we think it apt to observe that the production, transportation and marketing of automobiles is unquestionably a proper subject for regulation by the Legislature under its police power. Motor vehicles are economic necessities in modern living and with the strides which have been made in horsepower of engines, electrical and other
 
 *345
 
 equipment essential to present day traffic conditions, the automobile is a complicated device and the average citizen who owns one has little, if any, knowledge of its mechanical operation. Consequently, he necessarily must rely upon the representation and warranty of the manufacturer, furnished through a responsible dealer, for the servicing of his car. In the past, new and unused cars were sold to the public exclusively by franchised dealers under direct contract with and under the rules and regulations required by the manufacturer. But, today, as the result of aggressive competition existing between dealers to capture public favor with their particular product and the large output of the manufacturers, many new and unused cars are sold by second-hand or “used car lot” dealers who are not always financially responsible and thus create an ever increasing hazard to the buying public. It is evident, therefore, that it was to curtail this hazard, aside from all other reason stated in R.S. 32:1251, that the Legislature enacted the statute now under consideration. Undoubtedly, this was the underlying purpose for the provision that, in order for one to qualify as a dealer of new or unused motor vehicles, he be required to present with his application a copy of his franchise or contract with a manufacturer or distributor entitling him to distribute and sell the new and unused vehicles of such manufacturer. Indeed, it is to be presumed that the Legislature had good grounds for prescribing that only a person holding a franchise from a manufacturer or distributor of a particular make or kind of motor vehicle is qualified to sell it as a new and unused car and the burden rested on defendant to show that there was no just basis for the provision. Louisiana State Board of Medical Examiners v. Beatty, 220 La. 1, 55 So.2d 761 and authorities there cited.
 

 But, says defendant, and the trial judge agrees, when the Legislature ordains that no one shall become a licensed motor vehicle dealer unless enfranchised by a manufacturer or distributor, it surrenders its legislative power and delegates to private manufacturers the exclusive right to determine who shall or shall not be a licensed dealer under the statute.
 

 This argument is illusive but we think it unsound. Nothing has been delegated, in our estimation; the Legislature has simply, under its police power, provided a condition upon which the granting of a license shall depend. No legislative power has been delegated to the motor vehicle manufacturer to select the person or persons it chooses to be its dealer or dealers, as the Legislature has not been invested with any such power. The right of the manufacturer to choose its dealers is merely the right of the freedom of contract. Thus, the asserted delegation of legislative power is not in reality a dele
 
 *347
 
 gation at all. It is purely the exercise of a legislative discretion in the fixing of standards for qualification as a new car dealer under the. law.
 

 In support of their argument anent unlawful delegation, counsel for Bistes confidently rely on our decisions in City of Alexandria v. Alexandria Fire Fighters Ass’n, 220 La. 754, 57 So.2d 673 and Dr. G. H. Tichenor Antiseptic Co. v. Schwegmann Bros. G. S. Mkts., 231 La. 51, 90 So. 2d 343. However, we find no parity in the legislation considered in those cases with that presented here. Those cases involved a clear delegation by the Legislature of its right to fix maximum working hours of firemen to the firemen themselves, in one instance, and the delegation of its right to fix prices of trademarked and branded goods to the producers, in the other instance, and make such prices binding upon persons who had no contractual relation with such producers.
 

 Additionally, counsel for Bistes rely on three cases from other jurisdictions which they contend are authority for the proposition that the prerequisite of enfranchisement constitutes an unlawful delegation of legislative power. These cases are Nelsen v. Tilley, 137 Neb. 327, 289 N.W. 388, 126 A.L.R. 729; Joyner v. Centre Motor Co., 192 Va. 627, 66 S.E.2d 469 and Ohio Motor Vehicle Dealer’s etc., v. Memphis Auto Sales, 103 Ohio App. 347, 142 N.E.2d 268.
 

 In each of the cited authorities, the regulatory statute was found unconstitutional principally on the ground that the requirement of enfranchisement by a manufacturer of new motor vehicles creates a monopoly and is an unlawful restriction upon the right of a person to adopt and follow a lawful industrial pursuit and, in two of them (Joyner v. Centre Motor Co. and Ohio Motor Vehicle Dealer’s etc. v. Memphis Auto Sales), it was said that this constituted also an unlawful delegation of legislative power. Since the courts gave no reason for this deduction, we find no persuasive basis for its acceptance by this Court.
 

 Rejection of the contention of unconstitutionality of the statute on the ground of an unlawful delegation of legislative power brings us to the second reason on which the trial judge pitched his decision ■ — that is, that the requirement that the dealer be enfranchised by the manufacturer or distributor creates a monopoly and that there is no reasonable basis for this classification which places in the hands of a favored few the exclusive right to sell new and unused automobiles as such. This resolution is founded upon like pronouncements contained in the three above cited cases, wherein the finding that the controverted provision was arbitrary and discriminatory and created a monopoly was the principal basis for the decrees of unconstitutionality.
 

 
 *349
 
 We respectfully disagree with these authorities which, in our view, apparently have denied to their legislatures the right to pass effective regulatory measures relative to the sale and distribution of new motor vehicles. This Court has long ago recognized that the placing of new and unused car dealers in a separate status from those persons who sell used automobiles is not an unreasonable classification or beyond the scope of legislative regulation under the police power.
 

 In State v. Rogers, 148 La. 653, 87 So. 504, 507, it was contended, in a criminal prosecution for selling a second-hand automobile without evidencing the sale by an authentic act, as required by Act 193 of 1920, that the statute was unconstitutional because it excepted from its provisions every licensed dealer or agent in possession of a new or unused automobile for sale for the first time. The Court rejected this argument and, observing that the equal protection clause does not prohibit any and every discrimination in the law but only such a discrimination as would be arbitrary and without good reason, declared that “The reason for exempting a licensed dealer or agent selling a new or unused car is that his license implies responsibility, and his offering for sale a new or unused car could not possibly give rise to suspicion with regard to his title.”
 

 Moreover, unlike the trial judge and the courts which find the provisions respecting manufacturers’ contracts to be unreasonable, we fail to see how such provisions tend to create monopolies or operate unreasonably to the advantage of only a favored few. We think it too plain for extended discussion that the numerous automobile dealers engaged in the business of selling new and unused cars in this State under franchises from various domestic and foreign manufacturers have no monopoly which creates a restraint of trade to the public’s disadvantage. On the contrary, it is manifest that this business produces more open competition through advertisement, sales promotion and other media than any other that comes to our mind and we think that it is truly representative of free enterprise as practiced in a democracy.
 

 Being of the opinion that the provision respecting the requirement that a dealer in new and unused automobiles be enfranchised by a manufacturer or distributor neither creates a monopoly nor denies the constitutional guarantee of due process and equal protection of the law, we finally consider whether the proviso contained in R.S. 23:1259, restricting all persons, other than a motor vehicle dealer, from advertising a new and unused car as such,
 
 *351
 
 when offering it for sale, contravenes due process and denies equal protection
 
 [2]
 

 R.S. 23:1259 was added to the law in 1956 (See Act 586 of 1956) by the Legislature to spell out clearly its intent that the measure was not designed to prohibit the sale of new and unused motor vehicles by any one who happened to acquire a title thereto. However, in order to protect the public from being misled by used car dealers, like the defendant herein, who is not qualified or licensed to sell new and unused cars in his business, the Legislature wrote in the proviso that, whereas any one had the right to sell a new and unused car, he could not advertise or register it as such.
 

 This restriction is entirely reasonable, bearing a substantial relation to the underlying purpose of the regulatory measure. We think it obvious that, coextensive with its right to regulate the sale and distribution of motor vehicles to the public, the Legislature acts on substantial grounds in placing the dealers of new and unused cars in a different classification from those, who are qualified only as used car dealers but who, in the course of their business, acquire cars which may or may not factually be new and unused. And that is all that the Legislature has done in this instance; there has been no restraint on the sale of new and unused cars. The restraint is only aimed to curtail unfair competition by those unable to give authorized factory service, who the Legislature has also evidently determined not to be as financially or otherwise responsible in their relations with the public as the licensed motor vehicle dealers. See State v. Rogers, supra, and State v. Rones, 223 La. 839, 67 So.2d 99.
 

 For the foregoing reasons, the judgment appealed from is reversed insofar as it holds the assailed provisions of R.S. 32 :- 1251-1260 to be unconstitutional and it is amended to the extent that the defendant, Jules Bistes, doing business as “The Wheeling Frenchman” is now enjoined from selling or advertising for sale any motor vehicles purchased or otherwise acquired by him as new and unused motor vehicles until he has first applied for and obtained a license as a motor vehicle dealer, as defined by R.S. 32:1252(2). Defendant is to pay all costs.
 

 HAMITER, J., concurs in the decree,
 

 HAWTHORNE, J., takes no part.
 

 [1]
 

 . Other persons were originally joined as defendants to the action but, by subsequent pleadings, these parties were dismissed leaving Jules Bistes the only defendant against whom relief is requested. The Attorney General has also been impleaded. He appeared in the lower court and is an appellant in this Court, urging that we sustain the constitutionality of the Act against the attacks of plaintiff and defendant, Bistes.
 

 [2]
 

 . Defense counsel also contend that this provision curtails freedom of speech. Suffice to say that we perceive no merit in this proposition, in view of our holding that the provision is a reasonable regulatory measure. See State v. Rones, 223 La. 839, 67 So.2d 99.