650 So.2d 1157 (1995)
Michael WOODEN, Tax Assessor of Morehouse Parish
v.
LOUISIANA TAX COMMISSION.
No. 94-CA-2481.
Supreme Court of Louisiana.
February 20, 1995.
*1158 Richard P. Ieyoub, Atty. Gen., James M. Ross, Monroe, for applicant.
Richard A. Bailly, Bastrop, Vyrona M. Wiltz, Krotz Springs, for respondent.
LEMMON, Justice[*].
The tax assessor for Morehouse Parish, Michael Wooden, filed this action for a declaratory judgment to determine the constitutionality of La.Rev.Stat. 9:2948, which provides that the buyer under a bond for deed contract shall be deemed, for purposes of entitlement to the homestead exemption from ad valorem taxation, an owner of the property purchased and occupied under the bond for deed. The matter is now before this court on direct appeal under La. Const. art. V, § 5(D) after the trial judge entered a judgment declaring the statute unconstitutional.

Facts
In 1983, the Legislature enacted La.Rev. Stat. 9:2948, which provides as follows:
Notwithstanding any other provisions of law to the contrary, the buyer under a bond for deed contract shall be deemed, for purposes of the homestead exemption only, to own any immovable property he has purchased and is occupying under bond for deed, and may be eligible for the homestead exemption provided in Article VII, Section 20(A) of the Constitution of Louisiana if otherwise qualified. The buyer under a bond for deed contract shall apply for the homestead exemption each year.
The tax assessor, who is charged with listing and assessing property within Morehouse Parish, filed this declaratory judgment action, challenging the constitutionality of the statute, against the Louisiana Tax Commission, the state agency which administers and enforces laws related to the supervision of local property tax assessments.[1] Specifically, the assessor contended that La. Const. art. VII, § 20 affords a homestead exemption from ad valorem taxes only to those who own and occupy the homestead.[2] Noting that the statutory definition of a bond for deed contract specifies that title to the property does not pass to the purchaser until payment of a stipulated sum, the assessor asserted that the legislative act affording the homestead exemption to a non-owner violates the constitution.[3] The assessor further asserted that the Legislature's granting of an exemption from ad valorem taxation to the buyer under a bond for deed contract violates La. Const. art. VII, § 21, which sets forth an exclusive list of property (not including property purchased under a bond for deed contract), in addition to the homestead, that shall be exempt from ad valorem taxation.[4]
The trial judge ruled, in oral reasons for judgment, that La.Rev.Stat. 9:2948 is "an unconstitutional legislative enactment in contravention of Article VII, Section 21 of the Louisiana Constitution of 1974." The judge observed that although La.Rev.Stat. 9:2441 *1159 provides that a bond for deed contract is a contract to sell, La.Rev.Stat. 9:2948 states that a bond for deed shall constitute a contract of sale for the limited purpose of the homestead exemption. The judge concluded that the enactment of La.Rev.Stat. 9:2948 goes "beyond the powers granted to the legislature under the constitution; that under Article VII, Section 21 there is a prohibition about extending any further ad valorem tax exemptions not authorized under Section 21. Act 1030 of 1993 is an attempt to circumvent the constitution."
The attorney general then perfected this appeal.

Standing
Defendants first contend that the assessor, as the public official charged with applying La.Rev.Stat. 9:2948, does not have standing to challenge the constitutionality of the statute his official duties require him to enforce. In support of this contention, defendants cite a number of cases which have refused to consider a public official's constitutional challenge that was raised as a defense in a suit to compel the official's performance of purely ministerial duties imposed upon the official by the contested statute. State ex rel. New Orleans Canal & Banking Co. v. Heard, 47 La.Ann. 1679, 1696, 18 So. 746, 752 (1895) (holding, in a mandamus proceeding against a state auditor and a state treasurer to require the performance of their official duties, that "executive officers of the state government have no authority to decline the performance of purely ministerial duties which are imposed upon them by law, on the grounds that it contravenes the constitution"); Dore v. Tugwell, 228 La. 807, 84 So.2d 199 (1955) (holding, in a mandamus action against state officers to approve applications for and to pay widows' pensions, that the officials' defense of the unconstitutionality of the statute fell squarely within the doctrine pronounced in the Heard case, and that the officials had no right to question the constitutionality of the statute); Smith v. Flournoy, 238 La. 432, 440, 115 So.2d 809, 812 (1959) (holding, in a mandamus action against the registrar of voters to publicize the names of persons illegally registered, that under the "settled jurisprudence" the registrar was "without interest to assert the unconstitutionality of the statute as a defense to a suit to compel the performance of ministerial duties imposed upon her by law)"; Rousselle v. Lyons, 262 So.2d 850 (La.App. 4th Cir.1972) (applying the same rule); Brady v. Slay, 460 So.2d 732, 734 (La.App. 3d Cir.1984) (holding, in a mandamus action to compel the assessor of Rapides Parish to assess various unredeemed tracts of land purchased at tax sales pursuant to statute, that the assessor is a public official charged with the purely ministerial statutory duty of assessing property sold at tax sales and "is without the interest or right to question the constitutionality of the statute prescribing these duties, as a defense to this mandamus proceeding").
These decisions involved mandamus actions brought against public officials to compel the official to perform a purely ministerial duty which the challenged statute required him or her to perform as a public office holder. The rationale of these decisions was that a public official could not refuse to perform a purely ministerial duty required of him or her by the challenged statute on the basis that the statute was unconstitutional. Under this rationale, the public official had no discretion to choose whether to perform or not to perform a purely ministerial duty required of his or her office, and the public official could not interpose, as a defense to the mandamus action, an allegation of unconstitutionality of the statute which mandated the performance. In effect, the decisions compelled the public official to perform the purely ministerial duties required of his or her office until the statute is declared unconstitutional. These decisions, however, did not address whether the public official (if he or she otherwise had standing) can challenge the constitutionality of the statute by means of a declaratory judgment action and, if successful, can thereby eventually relieve himself or herself of being compelled to perform the ministerial duty. Thus, the cited decisions do not govern the situation presented in this case, which is an action by a public official (who is presently performing the ministerial duties required by the statute) for a declaratory judgment to declare the statute unconstitutional, rather than a defense asserted *1160 in a mandamus action seeking to require the public official to perform the purely ministerial duties required by the statute.
Defendants also cite two cases involving declaratory judgment actions by public officials asserting the unconstitutionality of a statute. The case of State of Louisiana v. Board of Supervisors, Louisiana State University & Agricultural & Mechanical College, 228 La. 951, 84 So.2d 597 (1955) was a declaratory judgment action by the attorney general and the commissioner of agriculture to have a statute declared constitutional in order to facilitate the sale of bonds. The court did not reach the constitutional issue, dismissing the case on jurisdictional grounds because of the lack of a justiciable controversy. The case of Louisiana Motor Vehicle Commission v. The Wheeling Frenchman, 235 La. 332, 103 So.2d 464 (1958) was actually a suit for injunction to prohibit unlicensed motor vehicle dealers from violating the newly amended Motor Vehicle Commission Law, La.Rev.Stat. 32:1251-1260. The Commission incidentally questioned the constitutionality of one section of the Law which permitted certain sales of new vehicles. This court reasoned that the Commission, a public board, was "not injuriously affected by the enforcement of the statute "and could not" assail its validity." Id. 103 So.2d at 469.
We agree that resolution of the standing issue in this case turns on whether the assessor is injuriously affected, other than merely being compelled to perform purely ministerial duties required by his office, by enforcement of the provisions of the statute. Stated in other words, the issue is not whether the assessor lacks standing simply because he is a public official, but rather whether he otherwise has standing to bring the declaratory judgment action.
A person whose rights, status, or other legal relations are affected by a statute may have a court determine any question of construction or validity arising under the statute and may obtain a declaration of rights, status, and other legal relations thereunder. La.Code Civ.Proc. art. 1872. This right is to be liberally construed and administered. La. Code Civ.Proc. art. 1882; Bernhardt v. Fourth Judicial District Indigent Defender Board, 501 So.2d 1077 (La.App. 2d Cir.1987). The person bringing the action, however, must have a real and actual interest in the action he asserts in order to have a right of action or standing to bring the action. La. Code Civ.Proc. art. 681.
The assessor's principal argument on standing[5] is that the Morehouse Parish Tax Assessment District, a special district created by La.Rev.Stat. 47:1925.1-1925.7, is a tax recipient of a specific millage in all ad valorem tax collections in the parish and uses these taxes for the purpose of financing the assessor's office of operations. La.Rev.Stat. 47:1925.7. As chief executive officer of a tax recipient body, he argues he has standing to bring a declaratory judgment action on behalf of the district. La.Rev.Stat. 47:1925.2 A(2).
The tax assessment district in the present case had a significant real and actual interest in maximizing the collection of ad valorem taxes on all taxable property in the parish. The assessor, as chief executive officer of the district, clearly had standing to bring a declaratory judgment action seeking a declaration of the constitutionality of La.Rev.Stat. 9:2948, which operated to reduce the ad valorem taxes collected in Morehouse Parish. See State ex rel. Huggett v. Montgomery, 167 So. 147 (La.App.Orl.Cir.1936) (holding that one of the plaintiffs, a school board which received part of the proceeds of ad valorem tax collections in the parish, had standing to challenge the constitutionality of a statute which would dilute the ad valorem tax collections to which the board was partially entitled).

Constitutionality of La.Rev.Stat. 9:2948
Read together, La. Const. art. VII, §§ 20(A) and 21 provide that the only properties exempt from ad valorem taxation shall be the property subject to the homestead exemption provided in Section 20(A) and the *1161 properties specifically enumerated in Section 21. The exemptions enumerated in Section 21 do not include immovable property in the process of being purchased through a bond for deed contract.
The assessor therefore contends that property purchased under a bond for deed contract, although it may be occupied by the bond for deed buyer, is not owned by the buyer until the specified portion of the purchased price is paid and the title is transferred. La.Rev.Stat. 9:2941. On the other hand, defendants contend that the Legislature in enacting La.Rev.Stat. 9:2948 did not create a new exemption from ad valorem taxes, but simply redefined ownership for purposes of bond for deed contracts or recognized a new level of ownership.
Although La.Rev.Stat. 9:2948 does not contain the word "exemption," the words and form used legislatively in granting an exemption are not important if, in their essence, the Legislature creates an exemption. Meyers v. Flournoy, 209 La. 812, 25 So.2d 601 (1946); In re Pitre, 93-2322 (La. 1/14/94); 630 So.2d 700 (Calogero, C.J., concurring). The Legislature perhaps could have redefined ownership in the Civil Code to include the status of a bond for deed buyer.[6]See La.Civ.Code art. 477. However, the Legislature did not do so. Rather, the Legislature enacted a special statute defining ownership solely for the purpose of the homestead exemption, and thereby indirectly established an exemption from ad valorem taxes for bond for deed buyers. This indirect exemption violates La. Const. art. VII, §§ 20 and 21, which provide that property subject to the homestead exemption for property owners under Section 20 and property listed in Section 21, and no other, shall be exempt from ad valorem taxation. Immovable property subject to a bond for deed contract is not listed in Section 21, and that same section clearly denies the Legislature the power to enact any other exceptions from ad valorem taxation, directly or indirectly. The trial court correctly declared La.Rev.Stat. 9:2948 unconstitutional as violative of La. Const. art. VII, §§ 20 and 21.
Accordingly, the judgment of the trial court declaring La.Rev.Stat. 9:2948 unconstitutional is affirmed.
WATSON, J., dissents, believing the assessor lacks standing to sue.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Dennis, J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] Pursuant to La.Code Civ.Proc. art. 1880, the attorney general was served with notice of the proceeding.
[2] La. Const. art. VII, § 20 provides in pertinent part:

(1) The bona file homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation.... (emphasis added).
[3] A "bond for deed" contract is defined in La. Rev.Stat. 9:2941 as:

[A] contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.
[4] La. Const. art. VII, § 21 provides in pertinent part:

In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
[A list of specific properties which does not include immovable property purchased under a bond for deed contract] (emphasis added).
[5] While the assessor argues alternatively to his main argument that he has standing as a citizen of Morehouse Parish to bring the action, we do not have to decide that issue in this case or to decide whether the principles set forth in League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980) control the decision of this issue.
[6] Of course, the appropriate method of adding to the list of properties exempt from ad valorem taxation is to propose an amendment to La. Const. art. VII, § 21, or an amendment such as proposed in La. Acts 1993, No. 1046.