Dear Mr. Harris:
This office is in receipt of your request for reconsideration of Opinion No. 96-3, regarding the entitlement of co-heir(s) who are above the age of majority and who reside on inherited property to a homestead exemption. In Opinion No. 96-3, we opined that major co-heirs who co-occupy inherited property are not each entitled to a homestead exemption (even as to their undivided interest in the property) as they are owners in indivision.
You have asked this office to clarify our opinion in light of R.S. 47:1703(D), which provides:
 "The exemption for a bona fide homestead, as provided for in Subsection A of this Section, when occupied by an heir in the direct line in undivided ownership shall be granted to the full extent provided no other homestead exemption is claimed by the person."
Please be advised that we reaffirm the conclusion reached by this office in Opinion 96-3, even in light of the clearly conflicting language of R.S. 47:1703(D). This office has consistently opined, in accordance with the jurisprudence of this state, that immovable property held in indivision isnot entitled to the homestead exemption afforded by La. Const. Art. VII, Sec. 20.
La. Const. Art. VII, Sec. 20(A) pertinently provides:
 "(1) The bona fide homestead . . . owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes . . .
* * *
 "(4) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife."
In the recent case of Brocato v. Traina,30 F.3d 641 (5th Cir. 1994) the court notes:
 "We find an unbroken line of Louisiana appellate court decisions beginning with Henderson v. Hoy, 26 La. Ann. 156 (1874), and ending with Gulfco Finance Co. v. Browder, 482 So.2d 1019 (La.App. 3rd. Cir. 1986), squarely holding that property owned in indivision with other than a spouse and children of that spouse in a community regime, cannot qualify for the homestead exemption."
Furthermore, the jurisprudence of this state has repeatedly provided that the Legislature cannot grant exemptions from ad valorem taxation different from the exclusive list of exemptions granted by the constitution. See the cases ofWarren County, Mississippi v. Hester, 54 So.2d 12 (La. 1951); Hibernia National Bank v. Louisiana TaxCommission, 196 So. 15 (La. 1940); Louisiana N.O.Ice Co. v. Parker, 7 So. 898 (1890). See also Atty. Gen. Op. 92-579.
Although our research did not reveal that R.S. 47:1703(D) has been directly declared unconstitutional, this office cannot advise assessors to provide the homestead exemption on property owned by major co-heirs. Typically, until a statute has been declared unconstitutional, officers such as assessors are compelled to perform the purely ministerial duties (such as recognizing exemptions) required by their offices.Louisiana Motor Vehicle Commission v. TheWheeling Frenchman, 103 So.2d 464 (1958). See also:Michael Wooden v. Louisiana Tax Commission, 94-2481 (La. 2/20/95), 650 So.2d 1157. However, it is our opinion that although R.S. 47:1703(D) has not itself been declared unconstitutional, the provision falls squarely under the clear and established jurisprudence of this state referenced herein.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv