b MURRAY, J.,
Concurs and Assigns Reasons.
I write separately to address the City’s argument that La. C.C. art. 477(B) does not constitute a redefinition or expansion of the term “ownership.” The City contends that the meaning of the article is that a bond for deed purchaser is to be considered an owner for purposes of the homestead exemption only; therefore, according to the City, rather than redefining “owner,” article 477(B) creates a non-owner category of persons allowed to claim a homestead exemption. This argument ignores the actual words of the article, which are: “a buyer and occupant of a residence under a bond for deed contract is the owner of the thing for purposes of the homestead exemption....” La. C.C. art. 477(B) (Emphasis supplied).
In Wooden v. Louisiana Tax Commission, 94-2481 (La.2/20/95), 650 So.2d 1157, the Supreme Court in dicta suggested that the Legislature could have redefined ownership in the Civil Code to include the status of a bond for deed purchaser. Id. at p. 8, 650 So.2d at 1161. Shortly thereafter, in apparent response to- Wooden, the legislature amended article 477, which gives the definition of ownership, to include Section B. The fact that the change was made as an addition to article 477 indicates that the Legislature intended to expand the definition of ownership. Such a redefinition is not constitutionally prohibited. I therefore agree with the trial court’s granting of the motion for summary judgment on behalf of Mr. Nichols. On this basis, I respectfully concur in the result reached by the majority.