*282 WEIMER, J.,
dissents.
[,I believe the assessor is afforded a right of action based on the statutory language of LSA-R.S. 47:1998, which is titled “Judicial review; generally” and provides in Paragraph C that “[t]he assessor shall bring suit, when necessary to protect the interest of the state, and shall also have the right of appeal and such proceedings shall be without cost to him or the state.” The majority dismisses the clear language of this provision because of its placement in the revised statutes. However, while the placement of a provision can be a useful aid in determining the intent of the legislature, it is not dispositive. “The classification and organization of the sections of the Revised Statutes is made of the purpose of convenience, reference, and orderly arrangement, and no implication or presumption of a legislative construction shall be drawn therefrom.” LSA-R.S. 1:12. Furthermore, “[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.” LSA-R.S. 1:4.
Moreover, in determining whether the assessor has a right of action under the facts of this case, other provisions furnish guidance. Louisiana Revised Statute 47:1856(D)(1) authorizes any taxpayer dissatisfied with the final determination of assessed valuation by the Louisiana Tax Commission to institute suit appealing the correctness or legality of such final determination of assessed valuation for taxation. Although this provision authorizes the taxpayer to institute suit, it does not preclude |2an assessor of a parish affected by the assessment from instituting suit. Also noteworthy is the fact that Paragraph G of Section 1856 requires that “all affected assessors and the officers responsible for the collection of any taxes owed pursuant to such assessment shall be made parties to such suit.”
Additionally, LSA-R.S. 47:1903.3 provides that “Notwithstanding any other law to the contrary, in any cause of action brought under the provisions of R.S. 47:1856, 1857, 1998, or 2110, the assessor of the parish or district where the property is located may intervene in such suit and become a party thereto.”[1]
When considering these provisions together — one of which authorizes the assessor to bring an action, another of which requires the assessor to be made a party, and the other which allows an assessor to intervene — it is logical to conclude that, under the facts of this case, the assessor has a right of action. Such a finding is consistent with this court’s pronouncement in Wooden v. Louisiana Tax Commission, 94-2481 (La.2/20/95), 650 So.2d 1157. In Wooden, this court recognized that a tax assessment district had a significant real and actual interest in maximizing the collection of ad valorem taxes on all taxable property in the parish. In light of this fact, the assessor, as chief executive officer of the tax assessment district, was found to have standing to bring an action seeking a declaration of the constitutionality of a statute which operated to reduce the ad valorem taxes collections to which the district was partially entitled. See Wooden, 94-2481 at 7, 650 So.2d at 1160.
For these reasons, I respectfully dissent.

. In my opinion, this provision does not limit the assessor’s authority to mere intervention. Rather, it simply authorizes an affected assessor to intervene in actions that have been filed by the taxpayer.